BEN BOWDRY v. STATE.

No. A-9074.    Sept. 18, 1936.
(61 Pac. [2d] 31.)

Bob Howe and John Howard Payne, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereafter referred to as the defendant, was convicted of possession of intoxicating liquors, and sentenced to pay a fine of $100 and to be imprisoned in the county jail for a period of 30 days. Before the case was called for trial the defendant filed a motion to suppress the evidence on the ground that the officers when they searched his home were not armed with a good and valid search warrant authorizing them to search his home and premises. Testimony in support of motion to suppress was taken, in which a copy of what purported to be the affidavit for a search warrant, and the search warrant, were introduced in support of his motion to suppress, and the county attorney and the defendant's attorney agreed, and the court let the record show, that Defendant's Exhibits 1 and 2 were correct copies of the original of whatever they purport to be, Exhibit 1 being what purported to be an affidavit and application for a search warrant, and Exhibit 2 was what purported to be the search warrant. The motion to suppress the evidence was by the court overruled, and the defendant duly excepted.

The defendant in his second assignment of error alleges:

"Said court erred in overruling plaintiff in error's motion to suppress the evidence."

Section 289, O. S. 1931, defines an affidavit as follows:

"An affidavit is a written declaration, under oath, made without notice to the adverse party."

Section 3223, O. S. 1931, is as follows:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

Section 3224, O. S. 1931, provides:

"The magistrate must, before issuing the warrant, take, on oath, the complaint of the prosecuting witness in writing, which must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist."

An examination of the affidavit introduced by the defendant in support of his motion discloses that there is no jurat attached to the affidavit, there being a total failure to show the name of any officer authorized to administer the oath attached to the purported affidavit.

In U. S. v. Kelih (D. C.) 272 F. 484, the court in the first paragraph of its syllabus said:

"A search warrant was void, if issued without an oath or affirmation, as required by Const. Amend. 4."

In Morris v. State, 2 Tex. App. 502, 503, the court said:

"An officer taking an affidavit must sign the jurat; otherwise, the document is not an affidavit, and will not suffice as the basis of an information; and this court, on an appeal from a conviction * * * based upon such uncertified document, not only reverses the judgment, but dismisses the cause."

Section 2639, O. S. 1931, is as follows:

"No warrant shall be issued to search a private residence, occupied as such, unless it, or some part of, is used as a store, shop, hotel, boarding house, or place for

storage, or unless such residence is a place of public resort."

The record in this case clearly shows that there was no affidavit upon which to predicate the issuance of the search warrant, the officer's name not being attached to the jurat.

It has been repeatedly held by this court that evidence obtained by the search of the defendant's home under a search warrant issued without authority of law and the proper affidavit, for the sole purpose of securing evidence against the defendant, is a violation of section 30 of the Bill of Rights (Const. art. 2), and is inadmissible. The said section of the Bill of Rights is a pledge of good faith to the people of the state, all alike, that they shall be secure in their person, their houses, papers, and effects, against unreasonable searches and seizure. This security has vanished and the pledge violated by the state that guarantees it when officers acting under the authority of the state fail to secure a valid search warrant to search the private residence of a citizen.

Without prolonging this opinion further we hold that in this case there was no jurat of the officer attached to the purported affidavit for the search warrant, and that by reason of that fact there was no valid affidavit upon which to predicate the search warrant, and that the motion of the defendant to suppress the evidence should have been sustained, and the evidence obtained by reason of the unlawful search should have been suppressed.

The conviction of the defendant having no competent evidence to support it without the evidence which had been unlawfully obtained, the judgment must be reversed.

DOYLE, J., concurs. EDWARDS, P. J., absent, not participating.