## ERNEST WILSON v. STATE.

No. A-10408.   July 18, 1945.
(161 P. 2d 86.)

Robert H. Warren, of Hugo, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Ralph K. Jenner, Co. Atty. of Choctaw County, of Hugo, for defendant in error.

BAREFOOT, P. J.   Defendant, Ernest Wilson, was charged in the county court of Choctaw county with the unlawful possession of intoxicating liquor; was tried, convicted and sentenced to pay a fine of $150 and serve 30 days in the county jail.   From this judgment and sentence he has appealed.

This action was based upon the search of certain premises by authority of a search warrant issued out of a justice of the peace court of Choctaw county. A motion to suppress the evidence obtained by reason of the search was made by defendant. A hearing was had, and the court overruled the motion. This is assigned as error, and is the only assignment complained of which it is necessary for us to consider.

Brief has been filed by the attorney for the plaintiff in error, and an assistant to the Attorney General has announced that in his opinion the judgment and sentence cannot be sustained by the state. An examination of the record convinces us that this position is well taken.

The affidavit upon which the search warrant was based was introduced in evidence on the hearing of the motion to suppress. The affidavit reads:

"Crockett White, of lawful age, being first duly sworn upon oath states, that on or about the 2 day of January, 1943, in Choctaw County, State of Oklahoma, the following premises are being used as a place where spirituous, vinous, fermented and malt liquors are received, stored and kept for the purpose of violating the prohibition laws of the State of Oklahoma, to-wit: Pvt. Howard R. Newman, soldier from Camp Maxey, Texas stated he purchased a pint of 'Paul Jones' whiskey at above named place. Soldier also identified above place as where the purchase was made *and* occupied by one *Ear*nest Wilson; Affiant further states that he is a soldier at Camp Maxey, Texas of said County and State, and as such an officer he has made an investigation of the above premises and as a result of such investigation finds that the said premises are being used as a place where intoxicating liquors are kept and sold; that he knows of his own knowledge that the party occupying the above premises is in the whiskey business and that the said party has sold whiskey from said place and that

the said party uses the said place for a place of storage for intoxicating liquor.

"Crockett White O.H.P.

"Subscribed and sworn to before me on this the——day of————, 19——.

"_____

"Justice of the Peace."

It will be observed that the affidavit fails to in any way describe the premises to be searched.

22 O. S. 1941 § 1223, provides:

"A search warrant shall not be issued except upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

And 37 O. S. 1941 § 87 is as follows:

"No such warrant shall issue but upon probable cause, supported by oath or affirmation describing as particularly as may be the place to be searched, and the person or thing to be seized."

Under many decisions of this court construing the above sections of the statutes, it has been held that the premises to be searched must be particularly described. Stouse v. State, 62 Okla. Cr. 46, 70 P. 2d 145; Ott v. State, 65 Okla. Cr. 317, 86 P. 2d 341; Lynch v. State, 68 Okla. Cr. 303, 98 P. 2d 625; Herrion v. State, 79 Okla. Cr. 48, 150 P. 2d 865; Weaver v. State, 79 Okla. Cr. 264, 154 P. 2d 587.

Here no attempt was made to give any description of the premises.

It will also be noted that the affidavit, as appears from the record, was not sworn to. It was signed, but the justice of the peace did not sign his name to the jurat, and there is no evidence in the record that the party signing the affidavit swore to the same.

Under this state of facts, we are of the opinion that the court erred in refusing to sustain the motion to suppress the evidence obtained by reason of the seach warrant issued in this case.

The judgment of the county court of Choctaw county is reversed, and it is ordered that the defendant be discharged.

JONES, J., concurs.  DOYLE, J., not participating.