**Kenneth GRIFFIN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17684.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1972.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Robert Dennis, Legal Intern, for appellee.

OPINION

BUSSEY, Presiding Judge:

Appellant, Kenneth Griffin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Unlawful Possession of Narcotic Paraphernalia; his punishment was fixed at one (1) year in the County Jail and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to recite the statement of facts.

The first proposition asserts that the Affidavit for Search Warrant fails to meet constitutional requirements and evidence seized thereunder was improperly admitted at the trial. This proposition is well taken. The Affidavit contained the following statement of probable cause:

"Affiant further states that he has information from a reliable informant who has been used in the past and whose information has led to the arrest and conviction of three people in the District Courts of Tulsa County for narcotics offenses. Your Affiant further states that during the afternoon hours of March 13, 1972, he had conversation with this informant and the informant stated that he had been in the above described residence with the above named defendants. The defendants told the informant that they had a large quantity of amphetamines and barbituates that

had come from a drug store burglary. Your informant saw these drugs and they were contained in pharmaceutical bottles, located in a bedroom in the northwest corner bedroom. Further the defendants stated to the informant that these narcotic drugs were for sale and asked the informant if he knew of anyone who would like to purchase a large catch. The informant also saw and heard a police receiver type radio, broadcasting police information. The defendants told the informant that this is the way they kept on top of the 'pigs'. Further, the informant saw a Sylvania black and white portable television with a 23″ screen. One of the defendants directed the informant's attention to the serial numbers which had been scratched off the back of the TV set and stated that he had done this because the set was hot. This TV set was also located in this northwest bedroom."

Defendant correctly contends that since the Affidavit for Search Warrant fails to state generally or specifically the date on which the informer was on the premises to be searched, it fails to show probable cause for issuance of a search warrant. In Rosencranz v. United States, 356 F.2d 310 (1 Cir., 1966), the Court, in dealing with a similar proposition, stated:

> "While we might give lip service to principle and yet uphold the warrant as a 'doubtful or marginal' case, we do not think this would be a service either to the conduct of law enforcement or the protection of citizens' rights. Such a disposition of this case would, we feel, needlessly enlarge the area of uncertainty and litigation.

> "We conclude that a combination of undated, conclusory information from an anonymous source and an undated general allegation of personal observation by the affiant, *with no other reasonably specific clues to the time of their happening, is inadequate*. We do not think this is being hypertechnical, legalistic, or insistent on a requirement of 'elaborate specificity once executed by common law

pleadings'. Police officers have long been accustomed to the importance of time; to their credit, the overwhelming majority of affidavits have honored the requirement.

> "We are aware of the vast amount of painstaking care invested by the district court in two trials to date. Nevertheless, having carefully considered both precedent and policy, we are constrained to hold the affidavit and therefore the warrant, search, resulting evidence, and judgment invalid." (Emphasis added)

The judgment and sentence is accordingly reversed and remanded with instructions to dismiss.

BRETT, J., concurs.