**Joe Earl RODGERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–769.**

Court of Criminal Appeals of Oklahoma.

June 18, 1976.

Rehearing Denied July 27, 1976.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

MEMORANDUM OPINION

BUSSEY, Judge.

Appellant, Joe Earl Rodgers, was convicted of the crime of Possession of Marijuana, With Intent to Distribute in the District Court, Tulsa County, Case No. CRF–74–2684. Appellant waived his right to a jury trial and the case was submitted for decision at a non-jury trial, upon a stipulation by both sides that the trial testimony would be the same as presented at the preliminary hearing, and all objections were preserved; sentence being set at five (5) years imprisonment.

A timely appeal has been perfected to this Court, raising two assignments of error as to the insufficiency of the Affidavit for Search Warrant and that the Affidavit for Search Warrant was not properly attested to. A review of the record and testimony of preliminary hearing, fails to sustain these assignments of error.

Where a careful reading of the record, and a study of the briefs, reveal no error that would justify modification or reversal, this Court may affirm said judgment and sentence by summary order, or brief statement or by opinion, as the Court

may see fit, as is prescribed by statute. See, 20 O.S.1971, § 49, and *Ford v. State,* Okl.Cr., 447 P.2d 454 (1968).

Therefore, the judgment and sentence of the trial court is hereby,

AFFIRMED.

BRETT, P. J., specially concurs.

BLISS, J., concurs.

BRETT, Presiding Judge (specially concurs).

While the date the informer visited defendant's house is not shown on the affidavit for search warrant, the surveillance established by the officers resulted in sufficient probable cause to justify issuance of the search warrant. Therein lies the distinction between the instant case and *Griffin v. State,* Okl.Cr., 503 P.2d 567 (1972).

Rehearing Denied July 21, 1976.