**Gary Curtis WARTHEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–309.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1976.

George H. Wilson, II, Wilson & Wilson, Enid, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

The appellant Gary Curtis Warthen, hereinafter referred to as defendant, was charged in the District Court, Garfield County, Case No. CRF–75–363, with the offense of Unlawful Possession of Marihuana With the Intent to Distribute in violation of 63 O.S.1971, § 2–401. He was tried by a jury and convicted. Punishment was fixed at a fine of One Thousand ($1,000.00) Dollars and imprisonment for a term of four (4) years. From said judgment and sentence a timely appeal has been perfected.

Due to the nature of the determinative assignment of error advanced in defendant's brief, a summary of evidence presented at trial is not necessary and no other assignment of error need be considered.

The defendant's assignment of error is that the court below erred in refusing defendant's motion to suppress the evidence on the ground that the affidavit upon which the search warrant was obtained was constitutionally insufficient. The affidavit failed to indicate the time of occurrence of the facts recited therein.

Clearly, an affidavit which altogether fails to include the time of occurrence of the facts recited therein cannot show probable cause because the facts upon which probable cause can be founded must be reasonably related to the time of issue of a warrant. For a further discussion of the requirement of timeliness of showing see 68 Am.Jur.2d, Searches and Seizures § 70 (2nd ed. 1973). Furthermore, this Court has on numerous occasions held that an affidavit is insufficient if there is no indication as to the time of occurrence of the facts recited therein. See, *Simon v. State*, Okl.Cr., 515 P.2d 1161 (1973); *Jarvis v. State*, Okl.Cr., 507 P.2d 918 (1973); *Guthrey v. State*, Okl.Cr., 507 P.2d 556 (1973); *Griffin v. State*, Okl.Cr., 503 P.2d 567 (1972).

It is equally true, whether the personal knowledge of an informant is based upon observation or declarations made by the defendant in the informant's presence, that the time of the occurrence is one of the corroborative facts necessary to supply a basis for a finding of probable cause. Facts sufficient to provide probable cause at one point in time may not be sufficient a year, a month, or even a day later. While a determination as to whether there is a sufficient time relationship requires a consideration of all the facts in each individual case, a magistrate must necessarily be informed of the time of occurrence.

▪ It is true that an affidavit may be supplemented by oral testimony before a magistrate. *Leonard v. State*, Okl.Cr., 453 P.2d 257 (1969). But, statute requires that such testimony be recorded and a transcript of said record be filed with the affidavit to support the search warrant. Title 22 O.S.1971, § 1224.1. Finding no indication of time of occurrence in the affidavit and there being no supplemental transcript to indicate that the magistrate was supplied with such information, this Court can only hold that the magistrate had insufficient facts upon which to base a finding of probable cause to issue a search warrant, and therefore the search warrant was in-

valid and the evidence thereby obtained should not have been admitted at trial.

For the above and foregoing reasons the judgment and sentence of the court below must be *REVERSED* and *REMANDED* with instructions to dismiss the charge.

BRETT, P. J., and BLISS, J., concurs.