**Theodore E. MORRIS, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-78-676.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1980.

D. C. Thomas and C. Merle Gile, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

### MEMORANDUM OPINION

BRETT, Judge:

Theodore E. Morris, Jr., was convicted of Unlawful Possession of Controlled Drug, Cocaine, in the District Court of Oklahoma County, Case No. CRF-78-1053. A summary of the facts is unnecessary since the only issue that requires discussion pertains to the issuance of a search warrant.

When officers seek a search warrant based on information from a confidential informant, it is required that they be able to say *when* the informant obtained his information. *Warthen v. State*, Okl.Cr., 557 P.2d 466 (1976). As this Court noted in *Warthen*, facts which would establish probable cause at one point in time may not be enough to establish probable cause at some other time.

■ The affidavit in the present case does not contain this essential fact.[1] It states that the informant "had been inside the residence and had observed marihuana in a large plastic trash bag," but it does not say when. The State argues that there are two factors which would support an inference that the informant's observations were recent enough to support the issuance of a warrant: The officer alleges that the marihuana is "now located" at the residence in question, and the affiant states that he has had the house under surveillance and has seen behavior that he believes to be associated with narcotics trafficking. These factors will not support the desired conclusion, however. The affiant does not say when he saw the narcotics traffic behavior; and the informant's use of the word "now" does not imply that he was in the house within any specific time frame. The word is too vague to support such a conclusion. There is still no hint of when the informant was in the house. Therefore, the affidavit is constitutionally insufficient.

The State argues in the alternative that the question of the search warrant is moot because the cocaine was discovered in a search incident to a lawful arrest. This argument is not valid. The whole chain of events hinges on the search warrant. If the warrant had not been issued, the officers would not have been in the appellant's house, and none of the subsequent events would have occurred.

The judgment and sentence is, therefore, *REVERSED* and the case is *REMANDED* to the District Court.

CORNISH, P. J., concurs.

BUSSEY, J., dissents.

■

1. Of course, the review of a magistrate's actions must be based on the facts that were before him or her at the time and not on facts which later come to light. But the facts of this case serve to illustrate the need for the magistrate to know when the observations were made. The affidavit alleged that there was a large plastic trash bag of marihuana "now" at the specified house; but when the officers served the warrant they found no trash bag. There were one and one-half "lids" of marihuana and a miniscule amount of cocaine in the appellant's pocket.