**Jerry Artell LONG, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–549.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1985.

**916**

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Jerry Artell Long was convicted in three separate cases of Robbery With Firearms, After Former Conviction of a Felony in the District Court of Tulsa County, Case Nos. CRF–82–3768, CRF–82–3769, and CRF–82–3857. He now appeals his sentence of twenty-five (25) years in the custody of the State Department of Corrections on each of the above cases.

Briefly stated the facts of these cases are that at appellant's preliminary hearing witnesses identified the appellant as the man who had committed armed robberies at a Piggly Wiggly store, a Braum's Ice Cream store and a Sonic Drive-In. After waiving a jury trial, appellant's request to be tried based on the trial court's reading of the preliminary hearing transcript was granted. Appellant's motion that the in-court identifications be suppressed was overruled.

In his sole assignment of error, appellant asserts that the trial court erred when it refused to suppress the robbery victims' in-court identifications of him. Appellant claims that his arrest was illegal and that the subsequent in-court identifications were "fruit of the poisonous tree" pursuant to *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

In the instant case, a witness from each of the stores identified the appellant as the person who had committed the particular robbery at their store. We are further satisfied from our review of the record that these in-court identifications of the appellant were based on independent recollections of the initial encounters. Therefore, we find *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980) to be dispositive of this case. In *United States v. Crews*, supra, an in-court identification of the accused by the victim of a crime was held not suppressible as fruit of the accused's unlawful arrest where it was found that the witness' courtroom identification rested in an independent recollection of the initial encounter.

The appellant, however, has recognized the holding in *United States v. Crews*, supra, and requests this Court to disregard the *Crews* decision. Appellant reasons that such a result is possible if this Court applies a different standard to the Oklahoma Constitution, Art. II, Section 30 than the United States Supreme Court has applied to the Fourth Amendment of the United States Constitution in *United States v. Crews*, supra.

We, however, are not favorably disposed toward setting up a different standard of interpretation for Article II, § 30 of the Oklahoma Constitution. Years ago Oklahoma's Court of Criminal Appeals recog-

nized the close relation of the Oklahoma Constitution's Article II, § 30 and the Fourth Amendment to the United States Constitution when it stated in *DeGraff v. State*, 2 Okl.Cr. 519, 103 P. 538 (1909):

This provision of our Constitution [Article II, Section 30] is almost an exact copy of the fourth amendment of the Constitution of the United States....

\*     \*     \*     \*     \*     \*

It is true that the language is not in all respects the same in the two provisions; but the substance is identical. For a proper understanding of the question before us, it is important to find out what construction the United States courts have placed upon this provision.

We find the United States Supreme Court's decision in *United States v. Crews*, supra, not only highly persuasive in our interpretation of Article II, § 30 of the Oklahoma Constitution, but eminently correct.

Accordingly, the judgment and sentence in each of the three cases is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.