Calvin Curtis MORGAN, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–792.

Court of Criminal Appeals of Oklahoma.

July 1, 1987.

Rehearing Denied July 31, 1987.

Whit Pate, Poteau, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Calvin Curtis Morgan, Jr., was convicted of the crime of Unlawful Cultivation of Marijuana in the District Court of LeFlore County in Case No. CRF–84–261 and was sentenced to three (3) years' imprisonment and fined $20,000, and he appeals.

Briefly stated the facts are that on November 19, 1984, Sergeant Dale Best, an officer with the Arkansas State Police, interviewed an individual who had been arrested in Arkansas for possession of marijuana with intent to distribute. The individual informed Sergeant Best that he had purchased the marijuana on November 18, 1984, at appellant's residence in Heavener, Oklahoma, and that he had observed marijuana growing at appellant's residence on several prior occasions. On November 19, 1984, Sergeant Best was in LeFlore County, Oklahoma and provided information for the issuance of a search warrant for appellant's residence. On the same day the warrant was executed and the police discovered two hundred and fifty-eight (258) marijuana plants in appellant's attic.

At trial, appellant testified in his own behalf and stated that he began using marijuana in 1980 because it relieved pain from a leg injury and because he was depressed about his divorce. He also admitted that he began growing marijuana in 1982.

■ For his first assignment of error appellant asserts that the affidavit for the search warrant was fatally defective and insufficient to justify a search of his residence; consequently, the evidence obtained from the search should have been suppressed at trial. We disagree. The affidavit for the search warrant in the present case is based upon information provided by a confidential informant to Sergeant Best. In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court adopted a totality of the circumstances analysis, for determining whether an informant's tip establishes probable cause for the issuance of a warrant, which permits a balanced assessment of the relative weights of all the various indicia of reliability attending an informant's tip. The Court also held that a magistrate's determination of probable cause should be paid great deference by reviewing courts. 462 U.S. at 236, 103 S.Ct. at 2331.

In the instant case the informant stated that he had purchased marijuana from the appellant at his residence and that he had seen growing marijuana at appellant's residence on several occasions. Sergeant Best, the affiant, stated that he had been given correct information from the informant in the past which resulted in arrest and conviction. Under the totality of the circumstances, we find that the affidavit in this case provided the magistrate with a substantial basis for determining the existence of probable cause. *Id.* Therefore, the evidence obtained during the search of appellant's residence was properly admitted. This assignment of error is meritless.

■ Appellant next contends that the trial court abused its discretion in overruling his motion to compel disclosure of the informant. The trial court, relying on *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), stated that:

The Affidavit for Search Warrant established probable cause to believe there existed marijuana, processed and growing, on the premises described in the Affidavit at the time the Search Warrant was issued, and that the Defendant has failed to make the necessary substantial preliminary showing that the affiant knowingly or with reckless disregard for the truth included a false statement in the Affidavit.

The trial court denied the Motion to Suppress and the Motion to Require the State to Disclose the Identitfy of the Informant. When the confidential informant's only connection with the case is in providing probable cause for the search warrant, as in the instant case, then disclosure is not necessary. *Chronister v. State*, 538 P.2d 215 (Okl.Cr.1975). Finding no abuse of discretion, this assignment of error is without merit.

■ As his final assignment of error appellant alleges that the trial court improperly admitted beam scales found in his house. He argues that the introduction of the scales prejudiced the jury by suggesting that he might have been selling marijuana. Initially, we note that the beam

scales, State's Exhibit Number Twenty (20), were admitted during trial, but the portion of the transcript pertaining to the admission of the scales was not in the designated testimony. Consequently, we are unable to determine whether appellant objected to the introduction of the beam scales and preserved this assignment for review. Moreover, when the prosecutor questioned appellant concerning the triple beam scales, defense counsel failed to object. We find, therefore, that this assignment was waived. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

Inasmuch as appellant's constitutional claim in his first assignment of error is premised solely on the Federal Constitution, I agree the conviction should be upheld.