Wayne MERRY and Rebecca Merry, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–87–768.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

Rehearing Denied Feb. 9, 1989.

**1378**

S. Daniel George, Sallisaw, for appellants.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Marc Bovos, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellants, Wayne Merry and Rebecca Merry, were tried by jury and convicted of Unlawful Possession of Marijuana (63 O.S. 1981, § 2–402) and Unlawful Cultivation of Marijuana (63 O.S.1981, § 2–509), in Sequoyah County District Court, Case No. CRF–86–64 before the Honorable Dennis Sprouse, District Judge. The jury set punishment for Count I at one (1) year imprisonment and a fine of $1000.00 (one thousand) dollars for both appellants. As to Count II, the jury set punishment for Wayne Merry at five (5) years imprisonment and a fine of $30,000.00 (thirty thousand) dollars and punishment for Rebecca Merry at two (2) years imprisonment and a fine of $30,000.00 (thirty thousand) dollars. The trial court imposed judgment and sentence in accordance with the jury's verdict. We reverse.

A recitation of the facts is unnecessary in the resolution of appellants' claims. As their first assignment of error, appellants allege the trial court erred by refusing to suppress the evidence obtained in a search conducted by police. In support of this allegation, appellants, relying on our state constitution, claim there was insufficient evidence to support the court's finding that the informant was reliable and his information credible.

■ Different tests are applied to determine the validity of a search warrant, depending on whether a state or federal constitutional claim is raised. This Court has adopted the "totality of the circumstances" test enunciated in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) only with regard to federal constitutional claims. *See, e.g., Payne v. State*, 744 P.2d 196, 203–4 (Okla.Crim.App.1987) (Brett, P.J., Concurring in result, and Parks, J., Dissenting); *Foster v. State*, 742 P.2d 1131, 1136 (Okla.Crim.App.1987) (Brett, P.J., Specially Concurring and Parks, J. Concurring in Result); *Morgan v. State*, 738 P.2d 1373, 1375 (Okla.Crim.App. 1987) (Brett, P.J., Concurring in Result, and Parks, J., Specially Concurring); *Dixon v. State*, 737 P.2d 942, 946 (Okla.Crim. App.1987) (Brett, P.J., and Parks, J., both Concurring in Result); *Tosh v. State*, 736 P.2d 527, 530 (Okla.Crim.App.1987) (Brett, P.J., and Parks, J., both Concurring in Result). However, when dealing with a state constitutional claim, we have continued to follow the test set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), which requires that the State show the informant was reliable and his information credible. In the present case, appellant raises a state constitutional issue, therefore the *Aguilar–Spinelli* test is applicable.

■ As appellants point out, the State was required to present evidence as to the time and date the informant observed mari-

juana on appellants' property. *Morris v. State*, 617 P.2d 252 (Okla.Crim.App.1980). Reversing the defendant's conviction in *Morris*, this Court stated as follows:

> When officers seek a search warrant based on information from a confidential informant, it is required that they be able to say when the informant obtained his information. *Warthen v. State*, Okl.Cr., 557 P.2d 466 (1976). As this Court noted in *Warthen*, facts which would establish probable cause at one point in time may not be enough to establish probable cause at some other time.

*Id.* (Emphasis in original) Clearly, under state constitutional standards, the validity of the search warrant mandated evidence as to the date in order to show the reliability of the informant's statement. *Id.*

■ Although the informant told the magistrate when he observed the drugs, his testimony was unsworn. Both the state and federal constitution mandate that "... no warrant shall issue but upon probable cause supported by oath or affirmation ..." U.S. Const. amend. IV; Okla. Const. art. II, § 30. Clearly, a search warrant based on information which was obtained without "oath or affirmation" is invalid. *See Wilson v. State*, 81 Okl.Cr. 108, 161 P.2d 86 (1945); *Bowdry v. State*, 60 Okl.Cr. 46, 61 P.2d 31 (1936). Thus, because the unsworn statements were critical under state constitutional analysis, the search warrant must fail as it cannot be based on information which was not under oath.

■ The search warrant also fails on other grounds. While it was not raised by either party, we note that no affidavit was presented with the request for a search warrant. In issuing the search warrant, the magistrate relied solely on information obtained at the hearing. While we question the wisdom of language used in 22 O.S.1981, § 1223, the statute clearly mandates that a search warrant be "supported by affidavit." Further, the legislature has seen fit to allow oral testimony to support a search warrant, but only if such oral

testimony meets the requirements of 22 O.S.1981, §§ 1223.1 or 1224.1. In the present case, the testimony failed to meet the criteria under either section. It is unclear whether the testimony was transcribed as required by Section 1223.1, as it was not included in the record on appeal. Furthermore, there is no doubt that such testimony was not "supplemental to any affidavits," as no affidavit was presented. *See* 22 O.S.1981, § 1224.1. Accordingly, the search warrant must fail for the lack of an attached affidavit setting out facts which establish a basis for the warrant. *See Moulton v. State*, 93 Okl.Cr. 324, 227 P.2d 695, 698 (1951); *Layman v. State*, 90 Okla.Crim. 260, 213 P.2d 300 (1949). It was error for the trial court to admit evidence obtained under the invalid search warrant.

For the aforementioned reasons, the judgment and sentences of appellants are REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

BRETT, P.J., concurs.

BUSSEY, Judge, concurring in result:

Though I agree that this case must be reversed due to the insufficiency of the evidence supporting the search warrant, I disagree with the majority's analysis of the proper standard to be applied. For the reasons stated in *Dixon v. State*, 737 P.2d 942 (Okla.Crim.App.1987), I believe that the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) applies to search warrant validity claims under both the U.S. Constitution and the Oklahoma Constitution. In light of this Court's holding in *Warthen v. State*, 557 P.2d 466 (Okla.Crim. App.1976), I am of the opinion that under the totality of the circumstances, sufficient probable cause did not exist to justify a search warrant. I, therefore concur in the result reached by the majority.