Steven CARTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–593.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1977.

Robert B. Bird, Stillwater, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Cheryl Ramsey, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Steven Carter, hereinafter referred to as the defendant, was charged with the offense of Resisting an Officer, in violation of 21 O.S.1971, § 268, was tried and convicted in the District Court, Payne County, Oklahoma, Case No. CRM–75–599. The jury fixed punishment at imprisonment in the Payne County Jail for a period of one (1) year; pursuant to 21 O.S.1971, § 10. From said judgment and sentence, defendant has perfected this timely appeal.

**996**

The evidence introduced at trial on the part of the State was the testimony of the arresting officers. Two officers of the Stillwater Police Department testified that they received a radio call at 11:45 p. m. on June 25, 1975, dispatching them to 317 N. Duncan, the scene of a reported burglary in progress. At the scene the officers were directed by the victim to pursue two black males who had fled across an alley and whom she stated, lived in the pink house. The two black males, later identified to be the defendant and Lee Walker, were attempting to enter the pink house when uniformed Officers Logan and Leseman stepped up onto the porch and attempted to arrest the two suspects, one of whom was later identified as the defendant. Someone inside the house unlocked the front door, and the officers testified that the defendant struck Officer Logan and both suspects fled into the house. Officer Griffin testified that he consulted with an Assistant District Attorney who advised that entering the house to effect the arrest would be proper. The officer further testified that he attempted to persuade Mr. Tom Carter, the defendant's father, to send the suspects out which Mr. Carter declined to do. Two officers then entered the house and arrested the defendant. The defendant tried to struggle which prompted two other officers to enter the house to help subdue him.

The defense witnesses testified to a similar chain of events but denied any assault. The defendant testified that he began struggling because the officer put the handcuff on his left wrist too tightly and injured his neck as they held him.

■ The defendant's first assignment of error is that the arrest of the defendant was unlawful thus he cannot be properly charged with resisting an officer. It appears from the facts of this case that the officers effected the arrest pursuant to 22 O.S.1971, § 196 based upon information communicated to them from the victim of the burglary. The defendant's cited authority does not support his assignment of error. We have held in the past, and apply that holding here, that an officer may arrest at night without a warrant, any person, whom the officer has reasonable cause to believe, has committed a felony, even though it appears afterward that the felony had not been committed. See *Russell v. State*, Okl.Cr., 433 P.2d 520 (1967). This assignment of error is without merit.

■ For his second assignment of error, the defendant complains that the trial judge erroneously admitted evidence of a separate offense (assault and battery of Officer Logan). The defendant cites *Edmondson v. State*, Okl.Cr., 527 P.2d 190 (1974) which applies the res gestae exception allowing the admission of evidence of a separate offense. The defendant argues that evidence of the assault and battery on Officer Logan is not part of the res gestae of the offense charged.

Even the most cursory examination of the record reflects that the evidence of the assault complained of was a part of the res gestae and therefore was properly admitted. In *Edmondson v. State*, supra, we held:

" . . . where proof of one offense forms the res gestae, such as in the instant case, the evidence is not inadmissible when it tends to prove defendant's guilt of the offense on trial although it may also prove him guilty of another offense."

It was not error to admit this evidence.

■ The defendant's third assignment of error is an assertion that the trial judge erred in refusing to disqualify. The defendant urges that the trial judge should have been disqualified under the provisions of 20 O.S.1971, § 1401(a) which provides:

"(a) No judge of any court shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested, . . . . or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested, or the validity of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties to said action entered of record."

However, in this case, the trial judge, when in private practice, had represented the defendant in an unrelated matter; additionally, the trial judge had presided over two of the defendant's prior trials. Since the trial judge had not been involved with the instant case the statute is inapplicable.

We held in *Sam v. State*, Okl.Cr., 510 P.2d 978 (1973) that the fact that the trial judge had prosecuted the defendant in a previous case did not, by itself, show prejudice sufficient to require the trial judge to disqualify himself. In the instant case, the defendant has failed to demonstrate any prejudice, and our examination of the record fails to reveal any. For these reasons we find the defendant's third assignment of error to be without merit. See also, *Satterlee v. State*, Okl.Cr., 549 P.2d 104 at 109 (1976).

■ The defendant's fourth assignment of error is that the trial court erred in refusing the defendant's requested instruction No. 1. The defendant's requested instruction No. 1 reads:

"You are instructed that a citizen has the right to resist an unlawful arrest with reasonable force."

This was defendant's theory of defense. The trial court was under an obligation to instruct the jury on any material issues raised by the evidence introduced at trial. However, the trial judge need not give the jury instructions on every theory of defense possible, or every theory proposed by the defense. Only where evidence has been introduced which may tend to support the proposed theory will the trial court be under an obligation to instruct on that theory. In the instant case, no evidence was introduced at trial which placed the legality of the arrest at issue, therefore the refusal of the defendant's requested instruction No. 1 was not error. See, *Staub v. State*, Okl.Cr., 526 P.2d 1155 (1974).

■ The defendant's fifth assignment of error is that the evidence was insufficient to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. See *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

■ The defendant's sixth assignment of error is that the sentence imposed was excessive. The defendant was assessed one year imprisonment in the county jail. The provisions of 21 O.S.1971, § 10 are as follows:

"Except in cases where a different punishment is prescribed by this chapter or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding one year or by a fine not exceeding five hundred dollars, or both such fine and imprisonment."

The punishment is within the limits provided by law and we have held consistently in the past, and so hold today, that unless the conscience of the Court is shocked, this Court will not interfere with a jury's determination of the sentence. See, *Hall v. State*, Okl.Cr., 548 P.2d 649 (1976).

For the reasons stated herein, the judgment and sentence is AFFIRMED.

BLISS and BRETT, JJ., concur.