Terry L. HORN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–82–421.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1983.

Terry L. Horn, pro se.

Jan Eric Cartwright, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

From his conviction in Woodward County District Court, Case No. CRM–81–300, for Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, wherein he was sentenced to ten (10) days in jail and a fine of $200; and Transporting Beer in an Opened Container, wherein he was fined $50, the appellant, Terry L. Horn, appeals.

At approximately 1:45 a.m. on August 15, 1981, the appellant, Terry L. Horn, was stopped by Mooreland police officers James Kreger and Steven Summerall for traffic violations. Upon observing the appellant's conduct, the officers determined he was intoxicated and arrested him for Driving Under the Influence of Intoxicating Liquor. Officer Summerall thereupon took custody of the appellant's vehicle and initiated an inventory, which disclosed an opened bottle of beer in the front seat.

Shortly thereafter, Officer Maurice Hampton arrived at the scene taking custody of the vehicle, so that the two officers could transport the appellant to the County jail. As he waited for the wrecker to arrive, a third party approached him and presented proper evidence of ownership, whereupon, he released the vehicle to the party.

In one of his assignments of error, the appellant alleges that the trial court erred in failing to suppress evidence obtained as a result of the warrantless search of his vehicle. Specifically, the appellant alleges that his vehicle was improperly and unnecessarily impounded, and that the alleged inventory search was a subterfuge. With such an argument we do not agree.

Inventory searches of automobiles, which are being impounded under local municipal ordinance, have generally been upheld as reasonable and not in violation of the Fourth or Fourteenth Amendments. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). In our view, there is nothing to indicate that the appellant's vehicle was not lawfully impounded. Horn was properly stopped for

speeding (60 MPH in a 35 MPH zone) and passing in a no passing zone. Both Officer Kreger and Officer Summerall observed that he was unsteady on his feet, smelled strongly of alcohol, and had slurred speech. Clearly, they were justified in arresting Horn for Driving Under the Influence. Rather than leave the vehicle on Mooreland's main street at 1:45 a.m., the officers, according to normal procedure, decided to tow the vehicle and impound it. Under such circumstances, we are of the opinion that the officers acted properly when they impounded Horn's vehicle.

■ Having determined that the impoundment was lawful, it follows that the subsequent inventory search was also proper. We find no indication that the search was an inventory in name only, and actually only a subterfuge. Both Officer Kreger and Officer Summerall testified that, prior to towing, Officer Summerall initiated an inventory and that it was during this search that the beer bottle in question was discovered.

Moreover, we find that the mere fact that the vehicle was never towed does not affect the validity of the initial impoundment nor the search. According to the testimony of Officer Hampton, it was only after a third party arrived and presented proof of ownership, that the vehicle was released from police custody. The stop and subsequent inventory of Horn's vehicle were proper, and the evidence of which the appellant now complains was properly admitted. This assignment of error is without merit.

In another assignment of error, the appellant contends that the trial court erred in admitting into evidence the bottle of beer allegedly taken from his car during the inventory search, arguing that the State failed to establish a proper chain of custody.

■ It is a well established rule of law that the party offering demonstrative evidence must show to the satisfaction of the trial court that, with reasonable certainty, there had been no alteration of or tampering with the exhibit. However, this burden is not so absolute that all possibility of alteration must be negated. Even where there may be the barest speculation that tampering could have occurred, it is proper to admit the evidence and let what doubt there may be go to its weight. *Miller v. State,* 567 P.2d 105 (Okl.Cr.1977). In the case before us, the officer testified that he seized the bottle; marked his name, the date, the appellant's name, and a description of the vehicle on the label; took the bottle to the police station; and locked it in the department safe, where it remained until presented at trial.

We conclude that in viewing the evidence, only resorting to speculation would allow us to conclude that the evidence was tampered with. We find that the evidence was properly admitted upon proper predicate. Therefore, this assignment of error is without merit.

For the above and foregoing reasons the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.