Gerald Thomas CARNEY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M-83-434.

Court of Criminal Appeals of Oklahoma.

March 30, 1984.

Barney W. Miller, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Terry J. Jenks, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Gerald Thomas Carney, appellant, was convicted in Oklahoma County District Court, Case No. CRM–82–4737, of Offering to Engage in an Act of Lewdness, in violation of 21 O.S.1981, § 1029. He was sentenced to 90 days imprisonment in the county jail.

Appellant submits two assignments of error for this Court's consideration. First, he claims he was entrapped into committing the offense for which he was convicted. Second, he claims the sentence he received as punishment for the offense was excessive.

Appellant was employed as a male dancer at a saloon in Oklahoma City. On the night of his arrest, two female undercover police officers, Burns and Conner, were in the saloon to verify reports that dancers had been propositioning the patrons. According to Officer Burns, another male dancer had already made arrangements to leave that night with Officer Conner when appellant joined the three of them at a table. Appellant inquired of Officer Burns whether she would like to leave that evening with him and advised her that Officer Conner and the other man were going to engage in sexual activity for fifty dollars and it would cost her fifty dollars, also. He then specifically elaborated that it was his desire to cover a woman with whipped cream while she lay naked handcuffed to a bed, lick off the whipped cream, do the same with chocolate syrup, and finally be certain that she was completely satisfied.

Appellant's version is different from Officer Burns, but the deviation is slight. He testified that Officer Burns approached

him, placed her arm around him, and invited him to her table. After arriving at her table, Officer Burns informed appellant that the other dancer would be leaving with the two women and invited appellant to join them. At that point he related his desire to lick whipped cream and chocolate syrup from Officer Burns. When Officer Burns inquired how much she could pay appellant for this, he remarked that his charge was the same as the other man's, fifty dollars. Appellant insisted at trial, however, that his discussion about the whipped cream and chocolate syrup was a joke, and he was merely relating a fantasy.

█ Neither version of the facts supports appellant's claim that he was entrapped. Entrapment may be claimed as a defense when the defendant is induced by law enforcement agents to commit a crime which he otherwise would not have committed, except for the trickery of the officer. *Neilson v. State*, 639 P.2d 615 (Okl.Cr. 1981); *Robinson v. State*, 507 P.2d 1296 (Okl.Cr.1973). Even if induced to commit the crime, he may not avail himself of the defense if he otherwise were predisposed to commit it. The subject of predisposition is not even in issue in this case as no evidence was presented at the trial to establish that the officer induced appellant to do anything. Quite to the contrary, the testimony of both the officer and appellant revealed him to be more than willing to extend his offer to Officer Burns. If the officer employed any persuasive appeal while at the saloon, evidence establishing it is absent from the transcript. The officer merely presented appellant with the opportunity to commit a crime, and he readily committed it. When an officer affords an opportunity to one intending to violate the law, he does not procure the offense to be committed. We therefore find no support for appellant's entrapment defense.

█ This Court also can find no basis for relief in appellant's second assignment of error. The sentence imposed as punish-

ment, ninety days, is well within the possible punishment of 30 days to one year provided by statute. 21 O.S.1981, § 1031. We have examined the totality of the circumstances herein and conclude that the sentence is not excessive. *See Dilworth v. State*, 611 P.2d 256 (Okl.Cr.1980).

The judgment and sentence is AFFIRMED.

BUSSEY, P.J., concurs.