**Robert Dean PALMER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–13.**

Court of Criminal Appeals of Oklahoma.

April 25, 1986.

Rehearing Denied June 24, 1986.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Judge:

The appellant, Robert Dean Palmer, was charged in Oklahoma County District Court, Case No. CRF–82–984, with Murder in the First Degree in violation of 21 O.S. 1981, § 701.7(A). The jury returned a verdict of guilty of the lesser included offense of Manslaughter in the First Degree but was unable to reach an agreement regard-

ing punishment. Subsequently, the trial judge sentenced the appellant to fifty (50) years' imprisonment. From this judgment and sentence, the appellant appeals.

During the early morning hours of February 27, 1982, a man, later identified as the appellant, entered a nursing home facility located in Midwest City and stabbed one of the residents six times, resulting in her death. Two employees of the facility observed the appellant as he exited the deceased's room. He told them his mother had been stabbed and then he left the building. The employees called the police who subsequently arrested the appellant at a location near the nursing home. A knife, covered with human blood, was discovered in close proximity to the appellant. This knife was later identified as belonging to the appellant.

Prior to these occurrences, the appellant and several friends had been drinking at a bar near the nursing home. Several witnesses testified that the appellant had consumed a large quantity of alcohol during the late evening hours of February 26, 1982. The appellant testified that he left the bar they were at from the rear exit and smoked a marijuana cigarette given to him by an unidentified individual. According to the appellant, his memory of what occurred after that is vague. He remembered experiencing sensations of trees moving out at him, of someone watching him and changes in the brightness of the moon's light. The appellant did not recall ever entering the nursing home or stabbing the deceased. Dr. Phillip Short, a psychiatrist and State Forensic Mental Health Director, testified that the appellant's symptoms were consistent with those who have taken PCP. Dr. Short further testified that, after evaluating the appellant for over two hours, he could not explain the appellant's behavior or perceptions on that night on the basis of alcohol consumption alone.

In his first assignment of error, the appellant claims that the trial court erred by refusing to instruct the jury on involuntary intoxication, his theory of defense. He contends that the marijuana cigarette was laced with another mind-altering drug, most likely phencyclidine (PCP), which he did not know was contained in the cigarette. Appellant's requested instruction would make it appear to the jury that his state of intoxication was the result of some other person's actions and thusly involuntary. However, as we review the record before the Court, there is no evidence before the Court that appellant's intoxication or mental condition was the result of anything other than his own voluntary action. While the appellant did testify that he had smoked a marijuana cigarette which may have been laced with a mind altering substance, it is reasonably clear that appellant's assertion was based on sheer speculation without any support other than appellant's bare assertion. The testimony of the psychiatrist is not sufficient to corroborate the testimony of appellant. His conclusions are based solely on appellant's description, which as stated herein was mere speculation.

Instructions to be given to the jury are left to the trial court's judgment and that judgment will not be disturbed so long as the instructions, when considered as a whole, fairly and accurately state the applicable law. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980). In *Carter v. State*, 560 P.2d 994 (Okl.Cr.1977) this Court stated:

> [T]he trial judge need not give the jury instructions on every theory of defense possible, or every theory proposed by the defense. Only where evidence has been introduced which may tend to support the proposed theory will the trial court be under an obligation to instruct on that theory.

*Id.* at 997.

■ Considering the facts of this case we conclude, as the jury found, that the intoxicated condition of appellant was the result of his own doing. He voluntarily accepted the alleged marijuana cigarette and smoked it of his own will. There can be no doubt that the jury did take into consideration the condition of appellant even without the instruction being given, because the jury found appellant guilty of

first degree manslaughter instead of first degree murder. Nonetheless, considering all the facts of this case the evidence was sufficient to prove that appellant committed the homicide for which he was charged. Therefore, we decline to reverse this conviction for failure to give the involuntary intoxication instruction.

■ For his second assignment of error appellant asserts that the trial court erred in refusing to give his requested instruction on evidence of his character. It has long been the rule of this Court that the safer and better rule is that the court instruct on a defendant's good character. But nonetheless, character evidence must be considered along with all the other evidence proved during the course of the trial. Whether or not the failure to give such instruction is harmless error depends upon the consideration of all the other facts and circumstances proved. In the instant case, the jury could have come to no other conclusion other than the fact that appellant committed the homicide. Considering all the facts and circumstances of this case, this Court finds as it did in *Vester v. State*, 76 Okl.Cr. 235, 136 P.2d 205 (1943), that the error was harmless.

While the appellant in this case was not convicted of murder, he was found guilty of first degree manslaughter, after being charged with first degree murder. We therefore hold that the error was harmless.

Appellant's third assignment of error asserts that the trial court erred in the admission of gruesome and prejudicial photos of the deceased, State's exhibits eleven and twelve. Notwithstanding the fact that the state attempted to prove that appellant committed the homicide while in the process of raping the deceased woman, the jury must have declined to accept that theory. The State asserted that the photographs were introduced to prove the attempted rape and show the body of the deceased lying on the bed with her lower regions exposed depicting the stab wound to the right of the vaginal area. The photos are not gruesome and are probative only to the fact that the deceased was

stabbed in that particular region. Both photos depict the same area of the body and the same wound. Other photos depict the stab wounds in the chest area. We fail to see how the appellant was prejudiced by the exhibits complained of.

■ The admissibility of evidence is within the discretion of the trial judge and is reversible error only if a clear abuse of discretion is shown. No abuse of discretion has been shown in this case. *See Glidewell v. State*, 626 P.2d 1351 (Okl.Cr. 1981); *Asberry v. State*, 564 P.2d 648 (Okl. Cr.1977). Likewise, whether or not the probative value outweighs the possible prejudicial effect is a matter within the sound discretion of the trial judge. This Court will only interfere when it appears from the record that the discretion has been abused. We do not find such abuse of discretion. *Glidewell v. State*, supra, *Boling v. State*, 341 P.2d 668 (Okl.Cr.1959).

■ Appellant's fourth assignment of error sets forth that "The trial court erred as a matter of statutory and constitutional law when he imposed sentence based on aggravating circumstances not found by the trier of fact; thus passion and prejudice were factors in the sentencing process, in violation of U.S. Constitution, Amendment XIV." Attached to appellant's brief is a statement which is asserted to be what the trial judge recited when sentence was imposed. From that appellant further asserts that the trial judge's statement reflected his personal passion and prejudice in assessing punishment, since the jury deadlocked on the issue of punishment.

This Court has considered the transcript of sentencing had on July 22, 1982, when the trial judge, who had heard all the testimony during trial, reiterated his feelings concerning the nature of the crime prior to the imposition of sentence. Appellant asserts that the court rejected the findings of the jury and substituted its own findings. We have no way of knowing what sentence the jury may have considered. It is equally possible that some members of the jury were holding out for life imprisonment,

whereas appellant asserts they must have been considering less than the sentence imposed by the court. Nonetheless, the sentence imposed by the trial court does not shock the conscience of this Court. *See Edwards v. State,* 655 P.2d 1048 (Okl.Cr. 1982). We therefore reject this assignment of error.

 In his fifth assignment of error, appellant asserts that the fifty year sentence imposed by the trial court is excessive. As factors to be considered appellant sets forth his age of twenty years; a lack of any prior criminal record; that the offense was induced by intoxication; and the fact that appellant was married at the time the offense occurred. Therefore, appellant requests that his sentence be modified under the provisions of 22 O.S.1981, § 1066.

As the attorney general sets forth, the sentence is within the range of punishment set forth in the First Degree Manslaughter Statute, 21 O.S.1981, § 715. This Court held in *Russell v. State,* 528 P.2d 336 (Okl. Cr.1974), that ninety-nine years' sentence for First Degree Manslaughter was not excessive, as well as in *Enoch v. State,* 495 P.2d 411 (Okl.Cr.1972). Consequently, we are unable under the circumstances of this case to say that a sentence of fifty years' imprisonment shocks the conscience of the Court. We therefore deny this assignment of error.

 Lastly, appellant asserts that the Oklahoma Sentencing Statutes, 22 O.S., §§ 926 and 927, and 21 O.S., § 715, are unconstitutional on their face and as applied in that they give wide discretion in sentencing without providing meaningful standards to guide that discretion. In drafting this assignment of error, appellant is attempting to apply the numerous complaints lodged against the statutes that provide for the imposition of death sentences in capital cases. Notwithstanding the fact that appellant was charged with First Degree Murder, the jury found appellant guilty of First Degree Manslaughter. We decline to extend the arguments presented to declare the aforementioned statutes unconstitutional.

Therefore, after giving the appeal due consideration, we are of the opinion the Judgment and Sentence should be AFFIRMED.

BUSSEY, J., concurs.

PARKS, P.J., not participating.