Harry B. TOSH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–393.

Court of Criminal Appeals of Oklahoma.

April 21, 1987.

Hershel L. Franklin, Norman, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Harry B. Tosh, was convicted of the crime of Possession of a Controlled Dangerous Substance with Intent to Distribute, three (3) counts, in the District Court of Beckham County in Case No. CRF–83–146 and was sentenced to seven (7) years, one (1) year, and seven (7) years imprisonment, respectively, the sentences to run concurrently, and he appeals.

On November 11, 1983, Detective Ken Barnes was approached by a confidential informant who had witnessed a drug sale at appellant's home on November 2, 1983. A search warrant was obtained on November 30, 1983, and on December 7, 1983, Detective Barnes and another officer went to appellant's home. When they arrived at appellant's house, they found appellant in bed, and after waking him, Detective Barnes informed him that they had a search warrant. Appellant dressed and went into the living room where he was read the search warrant and the *Miranda* warning. Detective Barnes then searched his bedroom and discovered several baggies of marijuana and a locked metal box behind appellant's bed containing a "photo book" with pages holding labeled, controlled substances. Subsequently, appellant was arrested.

At trial, appellant presented no witnesses and did not take the witness stand.

▮ For his first assignment of error appellant alleges that the trial court erred in finding him guilty of Possession with Intent to Distribute. He argues that the judgment and sentence form for all three counts of "Unlawful Possession of Controlled Drug with Intent to Distribute" is a scrivener's error and should read "Unlawful Possession of Controlled Drug." This argument is patently frivolous and is not supported by any authority; therefore, this Court will not consider this assignment. *Ward v. State*, 628 P.2d 376 (Okl.Cr.1981).

In his second assignment of error appellant contends that the affidavit [1] was insuf-

---

1. On 11/30/83 I was appraoched [sic] by a confidential informant known to Officer Bill Leigh, Elk City Police Department, as a previously reliable informant, that he knew several persons were selling various controlled substances. The informant had given Officer Leigh information on a house in the country that had been processing PCP. Officer Leigh watched the residence and via other persons, confirmed that there were drug related activities and as the house was in Washita County, he passed the information on to Washita County. Before Washita could act on the information, the operation moved. The informant stated that on 11/02/83 he and another persons [sic] (female) had gone to the residence of Harry B. Tosh, 300 Hayden, Beckham County, Elk City, Oklahoma, and had observed the sale of 1 ounce of marijuana between this girl and Harry B. Tosh.

ficient to give the issuing magistrate enough information to find that there was probable cause to believe that contraband would be located at the residence described on the warrant.

The United States Supreme Court, in *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), held that:

The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found at a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed.

In *Gates*, the Court also stated that, ... "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate's determination of probable cause should be paid great deterence by reviewing courts." 462 U.S. at 236, 103 S.Ct. at 2331.

■ Applying of these principles to the affidavit, we find that the affidavit in the instant case was sufficient to give the magistrate a substantial basis for concluding that probable cause existed. *See Corley v. State*, 713 P.2d 12 (Okl.Cr.1985). This assignment of error is without merit.

■ Appellant next argues that the warrant in question and the execution thereof was a general warrant and exploratory search in violation of the Fourth Amendment to the United States Constitution. The search warrant states in pertinent part, "Marijuana, a controlled substance together with other fruits, instrumentalities and evidence of the crime." While it is true that a search warrant must describe with specificity and particularity the place to be searched and the items to be seized, *Caffey v. State*, 661 P.2d 897 (Okl. Cr.1983), we are of the opinion that the above description of marijuana is as specific and particular as possible. Accordingly, this assignment is groundless.

■ In another assignment of error appellant complains that the search warrant and affidavit in support thereof was so stale at the time of its execution that a person of commonsense could not have reached the conclusion that there was probable cause to believe that contraband sought in the warrant would still be located at the address described in the warrant. The record shows that the illegal transaction occurred on November 2, 1983; that the search warrant was obtained on November 30, 1983; and that the warrant was executed on December 7, 1983. In the present case, the information in the affidavit showed appellant had sold marijuana only one (1) month before the warrant was executed, and the affidavit and search warrant sought evidence of ongoing criminal activity. *See United States v. Foster*, 711 F.2d 871 (9th Cir.1983) *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1985); see generally, *Hines v. State*, 684 P.2d 1202 (Okl.Cr.1984). Since the warrant sought evidence of an ongoing criminal transaction, possession with intent to distribute, we are of the opinion that the one (1) month delay did not render the information contained in the affidavits so stale as to be unreliable. We find no error.

In his third assignment of error, appellant contends that the trial court erred in refusing to grant a mistrial as a result of an alleged evidentiary harpoon elicited during direct examination of Officer Barnes.

In *Bruner v. State*, 612 P.2d 1375 (Okl. Cr.1980), this Court enumerated the features of an evidentiary harpoon: (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they

---

On 11/30/83 the informant accompanied [sic] me to the residence at 300 Hayden, Beckham County, Elk City, Oklahoma and comfired [sic] the residence where the purchase had taken place.

**530** ■

are prejudicial to the rights of the defendant on trial.

■ In this case, appellant was charged and convicted of Unlawful Possession of Phencyclidine, Methaqualone, Lysergic Acid Diethylamid (LSD), with Intent to Distribute. However, during direct examination, Officer Barnes was testifying concerning State's Exhibit No. 3, an "evidence bag," and he mentioned that one of the packages contained mostly marijuana. He also stated that State's Exhibit No. 2, a small zippered bag seized during the search, contained what appeared to be samples of controlled substances. Appellant argues that these statements were evidentiary harpoons of other crimes. However, in light of the six (6) factors detailed in *Bruner*, supra, and the strong evidence of appellant's guilt, we find that these two isolated comments were nothing more than inadvertent remarks that did not prejudice the rights of appellant at trial. This finding is further substantiated by the relatively light sentence which the jury assessed. Since appellant has failed to show that he was prejudiced by the inadvertent remarks, we find no error.

■ For his fourth assignment of error, appellant alleges that the trial court erred in overruling his demurrer to the evidence in that the evidence is insufficient to prove that he possessed any controlled dangerous substance. However, the State presented evidence at trial that appellant sold marijuana prior to his arrest and that unlawful drugs were found in his bedroom. Based on this evidence, a reasonable trier of fact, viewing the evidence in the light most favorable to the State, could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). Thus, the trial court did not err in overruling the demurrer.

■ As his final assignment of error appellant asserts that the trial court erred in assessing an excessive term of imprisonment. However, since the sentence imposed is well within the statutory limit, we cannot conscientiously say that the sentence shocks the conscience of this Court. *Grant v. State*, 703 P.2d 943 (Okl.Cr.1985).

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs in results.

PARKS, J., specially concurs.

BRETT, Judge, specially concurring in results.

I concur in the results reached in this decision. However, from the trial court's instructions and the verdict forms of the jury, the judgment and sentence should be corrected to reflect the offense for which the appellant was convicted, i.e., Possession of Controlled Dangerous Substance. The Intent to Distribute portion of the judgment and sentence was not reflected in the verdicts.