Henry C. FOSTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–126.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1987.

Order Correcting Opinion for
Publication Sept. 10, 1987.

Order Correcting Vote
Sept. 10, 1987.

Rehearing Denied Sept. 30, 1987.

John Forbes, Midwest City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

The appellant, Henry C. Foster, a/k/a H.C. Foster, was convicted in the District Court of McClain County, Case No. CRF–83–202, of Knowingly Concealing Stolen Property after Former Conviction of Two or More Felonies, and sentenced to forty years' imprisonment. He appeals raising ten assignments of error.

On December 12, 1983, as a result of a tip from a confidential informant, a search warrant was issued for a location in McClain County, just south of Norman, Oklahoma. At that location were three barns containing automobile parts, and two pickup trucks which had been stolen, one on that day, and one two days before. Earlier the same day the location had been under surveillance in conjunction with the pickup theft investigation, and officer William N. Pollins testified he observed George Hanna and the appellant conversing. The evidence reveals that George Hanna had stolen the red and silver pickup earlier in the day and taken it to that location which was described by State Bureau of Investigation Agent Greg Shield as a "chop shop", where stolen vehicles are dismantled for the resale of the parts.

The location where the two pickups were found belonged to the appellant who presented evidence that the area had been leased to Jim Brown, that the appellant had nothing to do with the chop shop, and that he had not been present at the location on December 12, 1983.

■ In his first assignment of error, the appellant contends that the trial court improperly denied a request for a change of venue. The reporting of the voir dire examination was waived by all parties, and as a result, it is impossible to determine whether there was any impact on the panel of jurors regarding pretrial publicity. The appellant has a duty to insure that sufficient record is provided this Court to decide the issues raised. *Martinez v. State,* 569 P.2d 497 (Okl.Cr.1977). Moreover, a motion for a change of venue must be supported by at least three affidavits from

credible county residents. 22 O.S.1981, § 561. These were not provided. For these reasons, we find this assignment of error to be without merit.

■ In his second assignment of error the appellant alleges that the search warrant which was issued to search his property was not based upon probable cause and therefore the trial court erred in refusing to suppress the evidence obtained by the search. The appellant argues that the affidavit for the search warrant did not state that the affiant personally observed a violation of the law or the possession of contraband upon the appellant's premises sufficient to support an arrest without a warrant, and that the affidavit is based on hearsay information. The appellant cites *Leonard v. State*, 453 P.2d 257 (Okl.Cr. 1969) for the proposition that hearsay information is allowed if the affidavit sets forth in detail why the informant is deemed to be reliable and whether the informant himself observed a violation of the law or the presence of contraband on the described premises. The affidavit in the case at bar concerned the reliability of John Martin VanHoose, and there are no statements in the affidavit that VanHoose observed the presence of contraband upon the appellant's premises. The appellant complains that the statements of VanHoose were obtained from hearsay information, provided by George Hanna whose reliability was not mentioned in the affidavit. A reading of *Leonard* clearly reveals that the holding in that case was based upon the holdings of two opinions of the Supreme Court of the United States, *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1954), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In the *Leonard* case we expressed our disapproval of the holding in *Spinelli. Leonard* at 259. Subsequently, a new test has been formulated by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) in which that Court abandoned the rigid "two-pronged test" (*See Gates*, note 4) under *Aguilar* and *Spinelli* for determining whether an informant's tip establishes probable cause for issuance of a warrant, and the "totality

of the circumstances" approach has been substituted. The majority opinion in *Gates* stated that, "probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts, not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232, 103 S.Ct. at 2329. Having examined the affidavit in the case before us we find that under the totality of the circumstances the examining magistrate correctly determined that there was probable cause to issue a search warrant. Moreover, the test for probable cause as stated in *Leonard* is expressly abandoned. "[T]he traditional standard for review of an issuing magistrate's probable-cause determination has been that so long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331 (citation omitted).

■ The appellant additionally alleges other irregularities existing in the execution of the affidavit and return of the search warrant. He first complains that the affidavit was styled "In the District Court of McClain County", when it was actually sworn to in Cleveland County before a Cleveland County Judge. He further complains that the warrant was executed in McClain County, returned to and filed in Cleveland County, and that the search warrant was issued to one officer and returned by another. We have held in construing 22 O.S.1981 § 1225 that any District Judge, Associate District Judge, or Special Judge may issue a search warrant to be served any place in the judicial district where that judge may be presiding at the time. *Cunningham v. State*, 600 P.2d 337 (Okl.Cr.1979). Both Cleveland and McClain Counties are in District No. 21 (20 O.S.1981, § 92.22). Concerning the style of the affidavit and the alleged irregularities about the return, we do not find any error which was prejudicial to the appellant, nor any which is fundamental. This assignment of error is without merit.

▮ Next the appellant contends that the State's witness, John Martin Van-Hoose, a confidential police informant, was an accomplice, that his testimony was uncorroborated, and therefore the trial court erred in admitting it into evidence. We cannot agree with the appellant's contention that VanHoose was an accomplice. He did not participate in the stealing of the vehicles, although he was present when one of the vehicles was stolen. Neither does the record show that he aided, or was a principal with the appellant in concealing the stolen property for which the appellant was charged. We have previously held that a person who under the direction of the police, acts with the guilty party for the purpose of bringing the guilty to justice is not an accomplice whose testimony must be corroborated, because he lacks criminal intent. *Kiddie v. State,* 574 P.2d 1042 (Okl. Cr.1977).

▮ The appellant next assigns as error the introduction of evidence of other crimes. He cites three instances in which he alleges that the jury's attention was improperly focused upon such evidence. In the first instance he complains that photographs of automobile parts were entered into evidence, and that even though a notice pursuant to the guidelines of *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979) had been filed, the evidence did not meet the requirments under *Burks.* Although evidence was not presented that the automobile parts were stolen, the jury could reasonably have inferred that they were. The information charged the appellant with Knowingly Concealing Stolen Property, and lists two pickup trucks. Those pickups were found in the appellant's barns on his property. One of those pickups was partially dismantled. Evidence of other crimes is admissible provided that the evidence is offered for the purpose of showing proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. 12 O.S.1981, § 2404. The presence of other automobile parts, and the fact that one pickup was partially dismantled shows the intention to dismantle the stolen vehicles. A reasonable conclusion from that evidence is that the appel-

lant intended to sell the parts. The presence of the automobile parts would tend to show that the receipt of the stolen pickups was a part of a plan to conceal, and dismantle and sell stolen vehicles, and that the vehicles were not there through mistake or accident. Therefore, the *Burks* requirement is more than adequately met.

▮ The second instance of which the appellant complains occurred during the cross-examination of George Hanna. The prosecutor asked, "Now is it correct for me to state that on the case arising out of Cleveland County which you have previously testified, the conspiracy case, and which was involving H.C. Foster, is that correct?" (sic). Defense counsel moved for a mistrial, which the trial court denied, but the court instructed the prosecutor not to pursue the line of questioning. Defense counsel failed to request that the jury be admonished, and because this error could have been cured by an admonition to the jury, it has not been preserved for review. *Wimberli v. State,* 536 P.2d 945 (Okl.Cr. 1975).

▮ In the third instance, during rebuttal the State offered two tapes to impeach one of the appellant's witnesses. The State intended to play eight minutes of those tapes to impeach the defense witness, George Hanna. Defense counsel insisted that each tape be played entirely, in spite of being warned that there was evidence of other crimes on the tapes. Therefore this request waives any error in the playing of the tapes. *See Cooper v. State,* 671 P.2d 1168 (Okl.Cr.1983). Accordingly, this assignment of error contains no merit.

▮ The appellant claims in his fifth assignment of error that the trial court erred in permitting the State to introduce evidence of ownership of a motor vehicle when such evidence of ownership was not the title to the motor vehicle. The State introduced into evidence a copy of an automobile insurance policy issued to the Register Publishing Company, and the appellant argues that the evidence was improperly used to prove ownership of the vehicle because the vehicle's title would have been

the "best evidence" of ownership. This argument demonstrates a misunderstanding of the Best Evidence Rule. Basically, that rule requires the production of the original writing. Our statutes allow a duplicate to be admitted to the same extent as the original unless a question is raised as to the authenticity of the original, or some reason is shown that admitting the duplicate in lieu of the original would be unfair. 12 O.S.1981, § 3003. The appellant is arguing that a certificate of title should have been offered rather than the insurance policy. That argument is not supported by relevant authority and therefore is not properly preserved for review. *Perez v. State*, 614 P.2d 1112 (Okl.Cr.1980).

▇ The appellant asserts in his sixth assignment of error that the State should not have been allowed to present rebuttal testimony after defense witness, George Hanna, admitted making prior inconsistent statements to police concerning Hanna's dealing with the appellant. As authority, the appellant cites *Brown v. State*, 563 P.2d 1182 (Okl.Cr.1977) in which we found that allowing a prior inconsistent statement of a witness into evidence was error when the witness admitted during cross-examination that he made numerous conflicting statements to the police, to defense counsel, and at the preliminary hearing. *Brown* is distinguishable from the case at bar. Even though Hanna admitted making prior inconsistent statements to the police concerning his dealings with the appellant, he claimed that he could not recall whether he had told them that he delivered the red and silver pickup to the appellant, and denied that he had made such a statement to anyone at the District Attorney's office. In rebuttal, the State called an Assistant District Attorney who testified that Hanna admitted to him that he took the pickup to the appellant, and the State presented tape recordings of two police interrogations which showed that Hanna claimed to have taken the pickup to the appellant. To invoke the rule in *Brown*, a witness must do more than claim to have forgotten making a certain statement, he must admit making it, otherwise the impeachment evidence to show the prior inconsistent statement is

still admissible. In *Farmer v. State*, 565 P.2d 1068 (Okl.Cr.1977) a defense witness stated that he could not remember making a certain statement to police which would have tended to inculpate the defendant. We found that tape recordings of the statement were properly admitted for the purpose of impeaching the credibility of the witness. This assignment of error is meritless.

The appellant next maintains that the tape recordings should have been excluded because their probative value was substantially outweighed by their prejudicial impact upon him. We disagree. The record reveals that the State asked that an eight minute portion of the tapes be played. Defense counsel insisted that the tapes be played in their entirety. In a similar factual situation we held that a party may not complain of an error which he himself has invited, or which he has waived, either expressly or impliedly. *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983). The appellant's contention is meritless.

▇ In his eighth assignment of error the appellant complains of improper comments by the prosecutor. Of the comments which the appellant cites, only one was properly preserved by a timely objection, therefore we shall address that comment only. *Myers v. State*, 623 P.2d 1035 (Okl. Cr.1981). Defense counsel, during his closing argument, stated that the testimony had revealed that George Hanna had been interrogated on six different occasions, which were tape recorded, and that only two of those tapes were produced. He remarked, "Now common sense would tell us he's probably produced the best two he's got and they weren't so hot." In response to his comments, the prosecutor during her final argument stated, "He says, 'What about all these extra tapes?' It was introduced into evidence that the issue of the tapes was brought up at the Preliminary Hearing. The Preliminary Hearing was held February 14th, I believe, 1984, and that was stated at the time." After Defense counsel's objection was overruled, the prosecutor continued that defense counsel could have requested the extra

tapes. From our examination of the record, the comments to which the prosecutor refers were apparently made during a bench conference and were therefore not a part of the evidence. In any event, we fail to see how the appellant could have been prejudiced by the prosecutor's comment. Even if there is error during a trial, this alone is insufficient to require reversal. The burden is upon the appellant to prove that he was prejudiced in his substantial rights by the error. *Smith v. State*, 656 P.2d 277 (Okl.Cr.1982). Having reviewed the other comments complained of and finding nothing requiring modification or reversal, this assignment of error is meritless.

■■■ The appellant next argues that the trial court erred in refusing his requested instruction on evidence of good character. Having reviewed the testimony of the defense witnesses, we can only find one witness whose testimony might be described as evidence of good character. During cross-examination, he was only willing to say that the appellant was reliable as a neighbor, and that he couldn't speak for everyone, just the people he knew well. Under these circumstances, the determination of whether a good character instruction should be given is properly left to the · trial court's discretion which we will not disturb without a clear showing of abuse. *Carter v. State*, 560 P.2d 994 (Okl.Cr.1977). This assignment of error is meritless.

■■■ Finally, the appellant complains that his punishment is excessive. This Court has consistently held that where the punishment is within the range provided by statute, the sentence will not be disturbed unless, under all the facts and circumstances of the case, it is so excessive as to shock the conscience of the Court. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1975). In light of the evidence of appellant's guilt, his previous convictions, and the fact that the sentence imposed was within the statutory limit, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., specially concurring.

PARKS, J., concurring in result.

BRETT, Presiding Judge, specially concurring.

In the case of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court examined a search warrant that was issued on the basis of an anonymous letter, the details of which were partially corroborated by police officers. The courts below had ruled that the affidavit in support of the application for the search warrant was inadequate under the two-pronged test developed by the Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Under that test, an affidavit based on an informant's tip provided probable cause only if there was a showing that the informant was reliable and that there was a basis for concluding that he knew the contraband was where it said it would be.

The *Gates* court abandoned the *Aguilar-Spinelli* test and reaffirmed the traditional totality-of-the-circumstances analysis. The Court ruled as follows:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

462 U.S. at 238, 103 S.Ct. at 2332.

In applying the new test to the facts of the case before us, there is no doubt that the magistrate had a substantial basis for concluding that probable cause existed. In fact, it is this writer's opinion that the affidavit is adequate under the old test. The informant, who was not anonymous as was the case in *Gates*, told the police that

George Hanna was stealing cars and selling them. The informant was acting as a middle-man, providing buyers for the stolen cars.

Several of the cars the informant told police about had, in fact, been stolen and were recovered through a sting operation. The informant had never given information that proved to be false. These facts, which were set forth in the affidavit, provided sufficient indicia for the magistrate to conclude that the informant was reliable.

On December 12, 1983, the informant advised the police that a certain pickup truck had just been stolen by Hanna and was presently at a certain 7–11 store. A police officer verified that the truck was at that location. The informant had been advised by Hanna that when a buyer could not be found, the automobile would be taken to a "chop-shop" operated by H.C. Foster. While the stolen pickup truck was under surveillance, it was driven away from the 7–11 store and was seen thereafter at Foster's residence. The setup of the chop-shop was also described and verified. These facts were sufficient to support a conclusion that the informant's information was trustworthy.

It is true, as appellant asserts, that the information about the chop-shop was hearsay; however, the informant himself was involved in the criminal scheme and thereby had access to reliable, inside information.

Although a portion of the language in this Court's decision in *Leonard v. State*, 453 P.2d 257 (Okl.Cr.1969) indicates that the informant must have personally observed the contraband upon the premises, the Court further stated as follows:

> In complete fairness to the majority authors of *Spinelli*, we would point out that the opinion recognizes that under certain circumstances a reliable informant may base his statements that contraband is located on certain described premises if the affidavit discloses that the belief of the reliable informant is based upon an admission of one of the principals maintaining or keeping such contraband on the premises.

*Id.* at 259.

Hanna may not have been the person keeping the stolen automobiles at the Foster residence, but he was the person delivering them there as part of the theft ring. The above information, all of which was presented to the magistrate, provided sufficient probable cause to issue the search warrant. Accordingly, I concur in this decision.

## ORDER CORRECTING VOTE

In the above-styled cause, this writer was recorded as "SPECIALLY CONCURRING." However, my separate opinion was inadvertently omitted when the majority opinion was filed. This writer's vote shall be changed to "CONCURRING IN RESULT" and the following separate opinion shall be attached to and published along with the majority opinion filed in the above-styled cause on August 12, 1987:

PARKS, Judge, concurring in result:

Prior to the decision in the instant case, a majority of this Court had not adopted the *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), "totality of the circumstances" approach in determining the validity of a search warrant. *See Tosh v. State*, 736 P.2d 527 (Okla.Crim.App.1987) (Brett, P.J., and Parks, J., concurring in result). Although this writer is recorded in *Tosh* as "SPECIALLY CONCURRING," a review of the original opinion reveals a clerical error. This writer actually voted to "CONCUR IN RESULTS," thereby rendering the *Tosh* opinion as merely persuasive rather than precedential. I write separately here not only to correct the apparent inconsistency in my voting, but also to clarify my position regarding *Illinois v. Gates*. I accept the adoption of the *Gates* approach inasmuch as the appellant's constitutional claim rests solely on the provisions of the Federal Constitution. However, I wish to make clear that the same result would not necessarily obtain under Article II, § 30 of the Oklahoma Constitution, as the recent well-reasoned opinion by Justice Kauger in

*Turner v. City of Lawton,* 733 P.2d 375, 380–81 (Okla.1986), illustrates. Accordingly, I concur in the result.

IT IS SO ORDERED.