**Quang Thanh PHAM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–86–749.**

Court of Criminal Appeals of Oklahoma.

April 1, 1988.

Rehearing Denied April 27, 1988.

Linda Burkett, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Quang Thanh Pham, was convicted in the District Court of Oklahoma County in Case No. CRM–86–1192 for the crime of Soliciting Lewdness and was sentenced to six (6) months in the county jail and ordered to pay a $250.00 fine. From this judgment and sentence, he appeals.

On the morning of April 11, 1986, Oklahoma City Police Officer Janice Ramsey was assigned to vice detail, and posed as a prostitute in the area of Northwest 9th Street, along Hudson, in Oklahoma City. An investigative team of cameramen were also set up between two designated points so they could videotape the solicitation transactions. The officer also had a transmitter and microphone underneath her clothing to record conversations. At approximately 11:00 a.m. that morning, the appellant drove past Officer Ramsey in his car and pulled over to the curb. He then motioned the officer over to him with his head. As she approached the driver's side of the car, the appellant asked her if she was a "date," and if she did a "straight f_ _ _." The officer answered affirmatively to both inquiries. A discussion concerning the price followed. When the appellant asked the officer how much money she wanted for the sex act, the officer asked how much he wanted to spend. The appellant named a price of thirty-five ($35.00) dollars, but then later lowered his price to twenty-five ($25.00) dollars. After the sex act and price had been established, Officer Ramsey gave the "thumbs up" sign to her backup team who subsequently arrested the appellant.

█ In his first assignment of error, the appellant contends that he should have been acquitted because the defense of entrapment was clearly established at trial. This Court has repeatedly stated that entrapment is the planning of an offense by an officer, or someone acting under his direction and procurement, by improper inducement of its commission by one who would not have perpetrated it except for the trickery of the officer. *Carney v. State,* 679 P.2d 1303 (Okl.Cr.1984). The record reflects that the Oklahoma City Police Department had received numerous complaints of prostitution in the area of Northwest 9th Street and Hudson and that an investigative unit was set up in the vicinity. Officer Ramsey, a 10½ year veteran of the Oklahoma City police force, testified that the appellant initiated the conversation by asking if she was a "date." She stated that after she answered in the affirmative, he requested a particular sex act and named a price. She further stated that the vice detail signal was for the officer to put her hand on top of the car, thumbs up, once the appellant had named the sex act and the price. The officer further testified that when the appellant approached her, she was merely walking down the sidewalk, never waved or made any motions or gestures to the appellant or any other passing motorist, did not misinterpret what the appellant was asking and

did not improperly induce him to solicit the act. In addition to her testimony, the State also presented the testimony of Detective John Gustin, of the Oklahoma City Police Department vice detail, who operated the video camera from the surveillance vehicle. The videotape was played at trial for the jury twice—the second time at the appellant's request. Although the record reflects that the audio portion was less than clear, the jury was able to clearly see the actual incident as it occurred. Therefore, after reviewing the evidence in the light most favorable to the prosecution, we find that appellant wholly failed to establish that he was entrapped, and further find that a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). This assignment is without merit.

■ The appellant next contends that the trial court erred in admitting into evidence the videotape without establishing a proper chain of custody. This Court has stated that the party offering demonstrative evidence must show to the satisfaction of the trial court, with reasonable certainty, that there has been no alteration of or tampering with the exhibit. *Horn v. State*, 671 P.2d 1163 (Okl.Cr.1983). When Detective Gustin was asked if the film he had taken was essentially in the same condition and depicted the same action that he observed on April 11, 1986, he replied that the tape had not been altered in any way. He further stated that the videotape had been maintained in a vault in the property room at the police department. Because the record reflects that it was reasonably certain that there was no substitution, alteration or tampering with the videotape, we conclude that its admissibility in evidence was proper. This assignment is meritless.

■ Next, the appellant asserts that the trial court erred when it failed to instruct the jury as to the specific burden of proof on the defense of entrapment. At the outset, we note that the determination of which instructions shall be given to the jury is a matter within the discretion of the trial court, provided that the instructions

given fairly and correctly state the applicable law. *Palmer v. State*, 719 P.2d 1285 (Okl.Cr.1986). In the instant case, the trial court gave an instruction that evidence of entrapment had been introduced, which was a defense to the appellant's crime, and it also gave an instruction on the requirements for the entrapment defense. However, an instruction on the burden of proof for the defense of entrapment was not given. Initially, we note that the better practice would have been for the trial court to give the instruction, but we cannot say that its omission warrants reversal. The jury saw the actual incident as it occurred on videotape and properly determined that the appellant had the pre-existing readiness and willingness to break the law, without any influence or persuasion by the police. The jury was instructed in accordance with the Oklahoma Uniform Jury Instructions as to the burden of proof in determining the appellant's guilt. The circumstances indicate that the verdict would be no different had the jury been properly instructed; therefore, we view the alleged error as harmless. *Fogle v. State*, 700 P.2d 208 (Okl.Cr.1985). This assignment is without merit.

■ Finally, the appellant asserts that his sentence is excessive and should be modified. We cannot say that the appellant's sentence of six (6) months in jail and $250.00 fine is so excessive as to shock the conscience of this Court. *Stewart v. State*, 723 P.2d 992 (Okl.Cr.1986). The sentence was well within the range provided by law. Consequently, this assignment lacks merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.