OSCN Found Document:CAUDLE V. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 CAUDLE V. STATE
2024 OK CR 14
Case Number: F-2022-414
Decided: 05/30/2024
JOSHUA TROY CAUDLE, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 14, __ __

 

 

O P I N I O N

ROWLAND, PRESIDING JUDGE:

¶1 Appellant Joshua Troy Caudle appeals his Judgment and Sentence from the District Court of Okmulgee County, Case No. CF-2018-87, for Lewd or Indecent Proposals to a Child Under 16, in violation of 21 O.S.Supp.2017, § 1123(A)(1). The Honorable Lawrence W. Parish, District Judge, presided over Caudle's jury trial and sentenced him, in accordance with the jury's verdict, to three years imprisonment.[1] Caudle raises one issue for review:

(1) whether the district court erred by overruling his demurrer.

¶2 We find relief is not required and affirm the Judgment and Sentence of the district court.

Background

¶3 On March 27, 2018, Caudle drove to a house in Okmulgee County, wearing his jailer uniform, badge, and duty weapon, for the purpose of having sex with a person he knew online only as "Stevie J". In reality, Stevie J. was a fictious person and profile, created by Captain James Ables of the Okmulgee Police Department, as part of an online undercover investigation of internet crimes against children. Using the social media site, MeetMe, Captain Ables initiated this investigation during February and March of 2018, and to comply with the website's age requirement, he listed Stevie J. as over 18 years of age.

¶4 It was undisputed that Caudle sent the first message to this fake profile. It was also undisputed that Caudle was told early on that Stevie J. was only 13 years old. Caudle ceased contact after the initial conversations and being told Stevie J. was 13. However, he resumed contact with the Stevie J profile within a day or so, using a newly-created profile of his own. He was again told Stevie J. was 13. Nonetheless, he engaged in conversations over the next few weeks, some of them sexual in nature, and arranged to meet the purported 13-year-old to have sex. He drove to the pre-set meeting place, passed by the house twice before stopping, and police arrested him in the driveway of the residence.

¶5 Caudle waived his Miranda rights and agreed to make a statement. He admitted that he was the one chatting with Stevie J. online. He said he changed his mind about having sex on the way to the prearranged meeting and intended to break it off in person. At trial, however, Caudle testified in his own defense and claimed that he believed that he was chatting with a 23-year-old the whole time. He claimed he thought the statements about Stevie J. being 13 were part of a fantasy game and he relied on the defense of entrapment.

Analysis

¶6 Caudle's sole claim on appeal is that it was error for the district court to overrule his demurrer because he was entrapped. He contends the State's evidence not only failed to disprove his defense of entrapment but also that the evidence established as a matter of law that he was entrapped. He asks this Court to reverse his conviction and remand his case to the district court for dismissal. Because Caudle presented evidence after the State rested at trial, he has waived review of the ruling on his demurrer. Young v. State, 2000 OK CR 17, ¶ 34, 12 P.3d 20, 35. We therefore treat this claim as a general challenge to the sufficiency of the evidence. Id. 2000 OK CR 17, ¶ 35, 12 P.3d at 35.

¶7 Evidence is sufficient to support a conviction if, viewing the evidence and all reasonable inferences from it in the light most favorable to the State, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. Mason v. State, 2018 OK CR 37, ¶ 13, 433 P.3d 1264, 1269; Spuehler v. State, 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203-04. This Court neither reweighs conflicting evidence nor second-guesses the fact-finding decisions of the jury; we accept all reasonable inferences and credibility choices that tend to support the verdict. Mason, 2018 OK CR 37, ¶ 13, 433 P.3d at 1269. Whether the entrapment defense has been proven where the evidence is conflicting or where different inferences can be drawn from the evidence is a jury question. Soriano v. State, 2011 OK CR 9, ¶ 27, 248 P.3d 381, 393. The primary issue in entrapment analysis is whether the defendant was ready and willing to violate the law. Id. 2011 OK CR 9, ¶ 25, 248 P.3d at 392. "[T]he entrapment question is more about what kind of person the government has set out to catch, and whether that person was already ready and willing (i.e., 'predisposed') to commit the crime at issue when he or she was first approached, than it is about whether the government tricked or deceived that target." Id. 2011 OK CR 9, ¶ 31, 248 P.3d at 394. In other words, it is up to the jury to decide whether the defendant was predisposed to commit the crime or was instead induced by police to do so. Police merely providing an already willing participant the opportunity to commit a crime does not constitute entrapment. Carney v. State, 1984 OK CR 58, ¶ 5, 679 P.2d 1303, 1304. See also Sherman v. United States, 356 U.S. 369, 372 (1958).

¶8 On appeal, Caudle claims that the lack of evidence that he had sexually targeted underage girls in the past, and the lack of child pornography or related messages on his phone proved his lack of predisposition to commit this crime. He also relies upon the fact that MeetMe is a dating application for those over 18 years old to support his claim of entrapment.

¶9 Caudle's contention that the State failed to disprove his entrapment defense beyond a reasonable doubt is without merit. A rational jury, without difficulty, could find beyond a reasonable doubt that he was ready and willing to commit the charged crime, and that the police merely provided him with an opportunity. Whether he was engaging in role playing with a person he believed was over the age of 18, or whether he indeed thought Stevie J. was 13 years old, was a question for the jury. The jury understandably rejected his entrapment defense after considering Caudle's willingness to make lewd propositions to the fictitious profile of a person claiming to be a 13-year-old girl, his statements to police, and his trial testimony. Because the evidence was sufficient to prove the charged crime and to disprove his entrapment defense, this claim is denied.

DECISION

¶10 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT
OF OKMULGEE COUNTY
THE HONORABLE LAWRENCE W. PARISH, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 ROBERT V. SEACAT
 THE SEACAT LAW FIRM
 3220 S. PEORIA AVE., SUITE 203
 TULSA, OK 74105
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 ROBERT V. SEACAT
 THE SEACAT LAW FIRM
 3220 S. PEORIA AVE., SUITE 203
 TULSA, OK 74105
 COUNSEL FOR APPELLANT
 
 
 
 
 DAVID YOULL
 ASST. DISTRICT ATTORNEY
 314 W. 7TH STREET, SUITE 205
 OKMULGEE, OK 74447
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 ATTY. GENERAL OF OKLAHOMA
 SHERI M. JOHNSON
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: ROWLAND, P.J.
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Concur
LEWIS, J.: Concur
HUDSON, J.: Concur

FOOTNOTES

[1] Under 21 O.S.Supp.2015, § 13.1, Caudle must serve 85% of his sentence of imprisonment before he is eligible for parole consideration.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2011 OK CR 9, 248 P.3d 381, 
SORIANO v. STATE
Discussed at Length

 
2018 OK CR 37, 433 P.3d 1264, 
MASON v. STATE
Discussed at Length

 
1984 OK CR 58, 679 P.2d 1303, 
CARNEY v. STATE
Discussed

 
1985 OK CR 132, 709 P.2d 202, 
SPUEHLER v. STATE
Discussed

 
2000 OK CR 17, 12 P.3d 20, 71 OBJ 2286, 
Young v. State
Discussed at Length

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Cited

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA